**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **WILSON PEREZ,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **EP-26-CV-01453-DB** |
| | § | |
| **WARDEN,** *ERO El Paso Camp East* | § | |
| *Montana, et al.,* | § | |
| **Respondents.** | § | |

## <u>ORDER OF IMMEDIATE RELEASE</u>

On this day, the Court considered the above-captioned case. On May 22, 2026, Petitioner Wilson Perez filed a "Verified Petition for a Writ of Habeas Corpus," ECF No. 1. Petitioner is currently detained at El Paso Camp East Montana in El Paso, Texas in the Western District of Texas. *Id.* at 3. He argues his detention is unlawful and asks the Court to order his immediate release. *Id.* at 22. Petitioner has a final order of removal to Cuba since August 6, 1999. *Id.* at 2. On January 21, 2000, after 168 days in custody, Petitioner was released on an Order of Supervision. *Id.* Petitioner remained on his order of supervision for 25 years. *Id.* On January 6, 2026, Petitioner was detained at one of his regular check-ins. *Id.* Once detained, Petitioner was presented with a form to sign. *Id.* He was told this form confirmed that his supervision was being revoked but was not given information regarding the significance of this and was forced to sign the document. *Id.* Petitioner has spent 137 days in custody awaiting removal since his detention in January 2026 until the date he filed his habeas petition. *Id.* at 3.

Petitioner asserts he cannot be removed because Respondents do not have any travel documents for him, and Cuba will not accept him because he has a criminal conviction. *Id.* On January 23, 2026, Respondents attempted to remove Petitioner to Mexico, but Petitioner did not

give his consent. *Id.* He further asserts Mexico will not accept him because he refuses consent. *Id.* at 4. Petitioner argues his detention is unlawful because (1) ICE revoked his Order of Supervision without the necessary notice and process; namely, without "promptly" conducting the required "informal interview" or complying with other regulatory requirements under 8 CFR § 241.13(i); and (2) ICE has failed to identify a third country and develop an effective plan to deport him in the reasonably foreseeable future. *Id.* at 5.

Respondents filed a response on May 29, 2026, ECF No. 5. Therein they advise Petitioner was re-detained on January 25, 2026, because Respondents sought to pursue removal to a third country under the Cuba Venezuela Nicaragua Haiti ("CVNH") repatriation agreement. ECF No. 5 at 2. Petitioner was served with a revocation of release. *Id.* On January 25, 2026, Petitioner declined to be removed to Mexico and was identified as a failure to comply. *Id.* Petitioner was moved to Laredo, Texas for removal to Mexico on March 6, 2026, however Mexico advised that they would no longer accept failure to comply cases. *Id.* On May 6, 2026, Respondents again attempted to effectuate Petitioner's removal to Mexico, but they were unable to effectuate due to Petitioner's failure to comply. *Id.* On May 25, 2026, Respondents advise they submitted a request for nomination of third country removal to other than Mexico and are actively seeking other alternatives for removal to another third-country. ECF No. 5-1 at 2–3.

Petitioner's case, as alleged, is materially indistinguishable from other cases in which this Court has found substantive due process violations because removal is not likely. *See Lambert v. Warden*, No. EP-26-CV-00427-DB, 2026 WL 926216 (W.D. Tex. Apr. 6, 2026) (ordering immediate release for Cuban national who refused consent to be removed to Mexico). As a threshold matter, the Court finds Petitioner meets his initial burden of providing good reason to

believe that there is no significant likelihood of his removal in the reasonably foreseeable future. *Jennings v. Rodriguez*, 138 S. Ct. 830, 843 (2018) (citing *Zadvydas*, 533 U.S. at 699). In their response, Respondents make no mention of any efforts to remove Petitioner to Cuba. *See generally* ECF No. 5 (failing to address any of Petitioner's arguments about his removal to Cuba). They also fail to address any of Petitioner's arguments about the revocation procedures followed. *Id.* Based on Respondents' own assertions, removal to Mexico is not significantly likely. *Id.* Without any indication Petitioner will consent or that the Mexican government will accept Petitioner without it, there is no significant likelihood of removal in the reasonably foreseeable future.

Respondents also advise they have not yet designated any other third country for removal but continue to actively seek alternative countries willing to accept the Petitioner. *Id.* Yet, this Court cannot deem removal reasonably foreseeable so long as good faith efforts continue. Such a standard "would seem to require an alien seeking release to show the absence of any prospect of removal— no matter how unlikely or unforeseeable—which demands more than our reading of the statute can bear." *Zadvydas*, 533 U.S. at 701. Accordingly, the Court finds Respondents failed to rebut Petitioner's assertion that there is no *significant* likelihood of his removal in the reasonably foreseeable future, making any continued detention unlawful.

## CONCLUSION

For the reasons stated above, Petitioner has established he is entitled to habeas relief based on *Zadvydas v. Davis* and the Fifth Amendment's Due Process Clause. Accordingly, the Court issues the following orders:

**IT IS HEREBY ORDERED** Petitioner Wilson Perez's "Verified Petition for a Writ of Habeas Corpus," ECF No. 1, is **GRANTED IN PART**.

3

**IT IS FURTHER ORDERED** Respondents **SHALL IMMEDIATELY RELEASE** Petitioner from custody **by no later than June 2, 2026,** subject to the same conditions of supervision imposed prior to their current re-detention.

**IT IS FURTHER ORDERED** Respondents **SHALL FILE** an advisory informing the Court of Petitioner's release **no later than June 4, 2026.**

**IT IS FURTHER ORDERED** that when Petitioner is released from custody, Respondents **SHALL RETURN** all personal property in their custody to Petitioner upon release. Such property includes, but is not limited to, identification documents.

**IT IS FURTHER ORDERED** that, following Petitioner's release, the parties **SHALL CONFER** and **FILE** a notice informing the Court whether any matters remain to be resolved in this case **no later than June 8, 2026.**

**SIGNED** this **1st** day of **June 2026**.

                                               _____

                                               **THE HONORABLE DAVID BRIONES**
                                               **SENIOR UNITED STATES DISTRICT JUDGE**